733 P.2d 316

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. 80484–1.**

**No. 2 CA–JV 029.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 12, 1987.

Stephen D. Neely, Pima Co. Atty. by W. Paul Holbrook, Tucson, for State.

Frederic J. Dardis, Pima County Public Defender by Michael B. Bernays, Tucson, for Minor.

OPINION

LIVERMORE, Presiding Judge.

The minor appeals the juvenile court's order that he be committed to the Department of Corrections, following an adjudication of delinquency for unlawfully possessing a narcotic drug. He argues that the court erred in denying his motion to suppress evidence which was seized during a search of his pockets by school administrators. We agree and reverse.

The minor is a student at a local high school. On March 6, 1986, during class hours, a monitor observed the minor outdoors on school grounds near some bleachers and summoned him to the school's office. That monitor and the high school principal instructed the minor to empty his pockets and discovered a bag which contained a small amount of a white, powdery substance. When it proved to be cocaine, this delinquency proceeding resulted. The only issue on appeal is whether the dis-

covery and seizure of the cocaine violated the Fourth Amendment.

The only evidence justifying the seizure was the testimony of the high school principal. He testified that the administration was aware of drug use at the school and, at at least one regular staff meeting, the minor's name was mentioned by an assistant principal in connection with discussions about student drug use and sales. The principal also testified that students go to the area of the school bleachers to, among other things, skip classes, smoke cigarettes, or use drugs. He further testified that while it was not routine to require students who are called in to the office to empty their pockets, the decision to search this minor arose solely because his name had been mentioned in staff conversations during discussions of drug use and sales at the school. The principal said that he had neither seen nor caught this minor with drugs previously, and had never received reports from any of the teachers or administrators that they had any specific information regarding this particular minor's use or possession of drugs. In fact, the principal had no personal knowledge at all.

The minor argues that the search in this case violated the Fourth Amendment of the United States Constitution under the rule recently announced in *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). In *T.L.O.*, the Court determined that the Fourth Amendment applies to a search conducted by school officials and set forth the level of suspicion required to justify the search. After balancing the competing interests of the student in privacy and of the school administrators in maintaining order, the Court concluded that the reasonableness standard of the Fourth Amendment in this context requires only a reasonable suspicion, not probable cause, to believe that the search would uncover evidence of a rule or law violation. The Court stated:

> [T]he legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search. Determining the reasonableness of any search involves a twofold inquiry: first, one must consider "whether the ... action was justified at its inception," ...; second, one must determine whether the search as actually conducted "was reasonably related in scope to the circumstances which justified the interference in the first place,".... Under ordinary circumstances, a search of a student by a teacher or other school official will be "justified at its inception" when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.

469 U.S. at 339–41, 105 S.Ct. at 743–44 (footnotes and citations omitted).

In *T.L.O.*, a teacher reported that the student was smoking in the school bathroom. The student countered the accusation by strongly denying that she smoked at all. Upon her denial, the school administrator searched her purse and found cigarettes, cigarette rolling papers, and a quantity of marijuana. Applying the reasonable suspicion standard, the Supreme Court found that the direct report by a teacher to the administrator that the student was smoking in the school lavatory gave the administrator reason to suspect that the student was carrying cigarettes with her.

Unlike the facts in *T.L.O.*, the principal in this case had no personal knowledge regarding the minor's conduct and had received no specific reports which would give rise to a reasonable suspicion that the minor's pockets would contain cocaine. The principal testified that students found in the area of the bleachers during class hours go there for a variety of reasons, including merely avoiding attendance at required classes. The monitor who observed the minor did not report that she had seen any particular suspicious activity, but merely noted his presence in the bleachers area. No evidence was presented to estab-

lish that any school administrators or teachers had observed or reported drug use or sale on the part of the minor. The fact that the minor had been observed previously near the bleachers during school hours did not create a reasonable suspicion that the minor was in possession of illegal drugs.

Because of our disposition, we do not reach the other issues raised by the minor. The juvenile court's order is reversed and the court is instructed to grant the minor's motion to suppress the cocaine as evidence. The case is remanded for proceedings consistent with this opinion.

LACAGNINA and HOWARD, JJ., concur.